**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROLYN McCREARY as Personal Representative of the Estate of Lorenza McCreary,**

        **Plaintiff,**

-vs-                                            Case No. 6:09-cv-1394-Orl-19DAB

**BREVARD COUNTY, FLORIDA, a political subdivision of the State of Florida, BREVARD COUNTY SHERIFF JACK PARKER in his official capacity, OFFICER JAMES MOFFITT, OFFICER LARRY CUMMINGS, CORPORAL DAILS NED MILS, SERGEANT ANSELL, OFFICER MARK MORRIS, SERGEANT DAVIS, LIEUTENANT DODSON, MAJOR HIBBS, CORPORAL GETZ, CORPORAL KELLERUP, GEORGE REED, MAJOR LISA PATRICK, JOHN/JANE DOES 1-50,**

        **Defendants.**
_____

## ORDER

    This case comes before the Court on the following:

1.    Motion to Dismiss Plaintiff's Complaint by Defendant Brevard County (Doc. No. 12, filed Sept. 4, 2009);

2.    Motion to Dismiss by Defendant Sheriff Jack Parker (Doc. No. 13, filed Sept. 8, 2009); and

3.    Response to Defendants Brevard County and Sheriff Jack Parker's Motion to Dismiss by Plaintiff Carolyn McCreary (Doc. No. 23, filed Oct. 5, 2009).

**Background**

This case stems from the incarceration of Lorenza McCreary ("McCreary").[1] On August 29, 2008, McCreary was arrested and booked into the Brevard County Jail. (Doc. No. 1 ¶ 29.) On September 4, 2008, he was accused of attacking another inmate and was transferred to the administrative containment wing. (*Id.* ¶ 39.) On September 25, 2008, McCreary was again transferred from cell 323 to 321 after Brevard County Sheriff Jack Parker ("Parker") allegedly concluded that McCreary needed a roommate. (*Id.* ¶ 40.) McCreary was assigned Donte Evans ("Evans") as a roommate. (*Id.* ¶ 41.) Evans had previously been charged with aggravated battery and false imprisonment of another inmate. (*Id.* ¶ 44.) Evans was placed in the administrative containment wing of the Brevard County Jail following further incidents of violence and threats of violence. (*Id.* ¶ 45.)

On October 6, 2008, guards discovered McCreary lying on the floor of his cell. (*Id.* ¶¶ 52, 56.) McCreary had been sexually assaulted, beaten, and strangled by his roommate, Evans. (*Id.*) McCreary was immediately transferred to Wuestoff Hospital, where he died the following day. (*Id.* ¶¶ 57, 58.) On November 18, 2008, Evans was charged with first degree premeditated murder. (*Id.* ¶ 59.)

On August 7, 2009, McCreary's mother, Carolyn McCreary ("Plaintiff"), acting as the personal representative of McCreary's estate, filed an eight count Complaint against Brevard County, Florida ("County"), Brevard County Sheriff Jack Parker ("Parker"), Officer James Moffitt, Officer Larry Cummings, Corporal Dails Ned Mills, Sergeant Ansell, Officer Mark Morris, Sergeant Davis,

---

[1] These facts are recited for contextual purposes and are set forth in the light most favorable to the Plaintiff.

Lieutenant Dobson, Major Hibbs, Corporal Getz, Corporal Kellerup, George Reed, Major Lisa Patrick, and John/Jane Does 1-50 (collectively, "the Defendants"). Counts I through VI assert claims against the Defendants under 42 U.S.C. §§ 1983 and 1985 for violations McCreary's Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* ¶ 65.) Counts VII and VIII assert claims against the County and Parker for violations of the Florida Wrongful Death Act, Florida Statutes §§ 768.16-768.27. (*Id.* ¶¶ 171-83.)

In its Motion to Dismiss, the County argues that the claims asserted under 42 U.S.C. §§ 1983 and 1985 should be dismissed to the extent they allege violations of McCreary's Fifth and Eighth Amendment rights. (Doc. No. 12 at 2.) The County also maintains that the violations of 42 U.S.C. § 1985 alleged in Counts I and IV should be dismissed because the Plaintiff fails to allege sufficient facts to support a claim for civil conspiracy. (*Id.*) The County next argues that Count VII is subject to dismissal due to Plaintiff's failure to allege compliance with the pre-suit notice requirements of Florida Statutes § 768.28(6). (*Id.*) Finally, the County contends that the Plaintiff is not entitled to an award of punitive damages against the County. (*Id.* at 7.)

Parker filed a separate Motion to Dismiss wherein he similarly argues that the claims asserted under 42 U.S.C. §§ 1983 and 1985 should be dismissed to the extent that they allege violations of McCreary's Fifth and Eighth Amendment rights. (Doc. No. 13 at 2.) Parker next asserts that the Plaintiff fails to allege the requisite facts to maintain a § 1985 claim. (*Id.* at 13.) With respect to the § 1983 claims asserted against Parker in Counts I, II, III and V, Parker argues that they should be repled in a single count. (*Id.* at 5.) Finally, Parker contends that the Plaintiff is not entitled to either punitive damages or damages for McCreary's pain and suffering. (*Id.* at 7.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more
> than a sheer possibility that a defendant has acted unlawfully. Where a complaint

> pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

### I. Counts I through VI - Fifth and Eighth Amendment Violations

In Counts I through VI, Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 alleging that the Defendants violated McCreary's Fifth, Eighth, and Fourteenth Amendment rights. (Doc. No. 1 ¶¶ 65-170.) Both the County and Parker argue that these Counts are improperly asserted under the Fifth and Eighth Amendments. (Doc. Nos. 12, 13.) The County maintains that the Fifth Amendment restrains only the federal government from denying an individual due process of law. (Doc. No. 12 at 4.) The County also argues that the Plaintiff fails to state a claim for relief under the Eighth Amendment because the Eighth Amendment applies only to post-conviction prisoners, not pretrial detainees. (*Id.* at 12.) Parker similarly argues that because McCreary was a pretrial detainee, all claims for relief against Parker brought under the Eighth Amendment should be dismissed for failure to state a claim. (Doc. No. 13 at 4.) In response, Plaintiff concedes that the claims under the Fifth Amendment are improper, but he argues that the Eighth Amendment does in fact apply to pretrial detainees. (*Id*. at 4-5.)

The Fifth Amendment restrains only the federal government from denying an individual due process of law.[2] *Barron v. Baltimore*, 32 U.S. 243, 250-51 (1833); *see also Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The Fifth Amendment of the United States Constitution retrains the federal government, and the Fourteenth Amendment, Section 1, restrains the states from depriving any person of life, liberty or property without the due process of law."). Thus, the Fifth Amendment does not apply to the Defendants in this case. Accordingly, the Court will dismiss Counts I through VI to the extent they allege violations of McCreary's Fifth Amendment rights.

"It is beyond cavil that the Eighth Amendment applies only after a prisoner is convicted."[3] *United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir. 1992) (citing *Graham v. Connors*, 490 U.S. 386, 392 (1989)). "The state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1995) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). Consequently, the Eighth Amendment does not apply to pretrial detainees. *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1539 n.3 (11th Cir. 1994) (citing *Ingraham*, 430 U.S. at 671).

Plaintiff maintains that the actions of the Defendants are subject to Eighth Amendment scrutiny regardless of McCreary's status as a pretrial detainee. In support of this proposition, Plaintiff cites *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008), wherein the Eleventh Circuit noted that

---

[2] The Fifth Amendment of the United States Constitution states that no person shall be "deprived of life, liberty or property without the due process of law . . . ." U.S. Const. amend. V.

[3] The Eighth Amendment prohibits the use of cruel and unusual punishment. U.S. Const. amend. VIII.

"[t]he Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees the right to basic necessities that the Eighth Amendment guarantees convicted persons." This statement does not, however, support Plaintiff's argument that the Eighth Amendment is applicable to pretrial detainees. Instead, this statement merely demonstrates that, with respect to the basic necessities of pretrial detainees, the minimum standard allowed by the Fourteenth Amendment is the same as the minimum standard allowed by the Eighth Amendment.[4] *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005) ("In the case of a pre-trail detainee . . . the Eighth Amendment prohibitions against cruel and unusual punishment do not apply. Nevertheless, in regard to providing pretrial detainees with such basic necessities as medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted person."). Thus, while the minimum standard for basic necessitates under the Eighth Amendment is incorporated into the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment does not itself apply to pretrial detainees. In the present case, the Complaint clearly alleges that McCreary was a pretrial detainee. (Doc. No. 1 ¶¶ 65, 66.) Accordingly, the Court will dismiss Counts I through VI to the extent they allege violations of McCreary's Eighth Amendment rights.

---

[4] Plaintiff also cites *Marsh v. Butler*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001), for the proposition that pretrial detainees are protected by the Eighth Amendment. Plaintiff's reliance on *Marsh* is misplaced. *Marsh* explicitly states that the Eighth Amendment, which does apply to a convicted criminal, does not apply to pretrial detainees. *Id.*

**II. Counts I through VI - 42 U.S.C. § 1985(3)**

In Counts I through VI, Plaintiff asserts claims under 42 U.S.C. § 1985(3).[5] (Doc. No. 1 ¶¶ 65-170.) Both the County and Parker argue that the Plaintiff fails to allege the requisite facts to sustain a § 1985 claim. In response, Plaintiff argues that the Complaint is sufficient to state a claim under § 1985 because circumstantial evidence is sufficient to establish a conspiracy.

A conspiracy to interfere with civil rights is actionable under 42 U.S.C. § 1985 where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the law . . . ." 42 U.S.C. § 1985(3). "The purpose of § 1985 is to stifle the serious class-based deprivation of constitutional rights by private parties, not to serve as a general federal tort law." *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1156 (11th Cir. 2009) (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002)). In order to state a cognizable § 1985(3) conspiracy claim, a plaintiff must plead four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly in directly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

---

[5] The Complaint generally asserts violations of 42 U.S.C. § 1985, but does not specify which subsection of § 1985 the Defendants allegedly violated. The first two subsections of § 1985 refer to a conspiracy to interfere with civil rights by: (1) preventing an officer from performing duties; and (2) obstructing justice, intimidating a party, a witness or a juror. 42 U.S.C. §§ 1985(1)-1985(2). The Complaint does not include allegations suggesting that the Plaintiff intended to bring a claim under either of these sections. The third subsection of § 1985 refers to a conspiracy to interfere with civil rights by depriving persons of rights or privileges. 42 U.S.C. § 1985(3). The Complaint includes allegations suggesting that the Plaintiff intended to bring a claim under § 1985(3), specifically, allegations relating to the deprivation of McCreary's Constitutional rights. Accordingly, the Court will proceed on the assumption that the Plaintiff intended to allege violations of § 1985(3).

*Trawinski*, 313 F.3d at 1299. Additionally, to state a § 1985 claim, a plaintiff must allege "that the conspirators were motivated by . . . racial, or otherwise class-based, invidiously discriminatory intent." *Kearson v. S. Bell Tel. Co.*, 763 F.3d 405, 407 (11th Cir. 1985) (citing *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979)). While a plaintiff need not produce a "smoking gun" to establish a conspiracy, a plaintiff "must show some evidence of agreement between defendants." *Arline v. City of Jacksonville*, 359 F. Supp. 2d 1300, 1312 (M.D. Fla. 2005) (internal citation omitted).

In the present case, Counts I through VI allege claims under 42 U.S.C. § 1985(3). (Doc. No. 1 ¶¶ 65-170.) The Complaint alleges that the Defendants' deliberate indifference and willful conduct resulted in the deprivation of McCreary's Constitutional rights, thereby satisfying the third element of a § 1985(3) conspiracy claim. The Complaint also alleges that as a result of the Defendants' actions, McCreary was deprived of his Fourteenth Amendment rights, thereby satisfying the fourth element of a § 1985(3) conspiracy claim. *Id.* Nonetheless, the Complaint fails to allege facts suggesting the existence of an agreement between the Defendants, as required to satisfy the first element of a § 1985(3) claim.[6] *Arline*, 359 F. Supp. 2d at 1312. In addition, the Complaint fails to allege that the conspirators were motivated by class-based discriminatory intent, as required to satisfy the second element of a § 1985(3) claim. Plaintiff therefore fails to allege sufficient facts to support

---

[6] Plaintiff maintains that the Complaint states a claim under § 1985 because "circumstantial evidence may be sufficient to establish a conspiracy . . . ." *Zivojinovich v. Ritz Carlton Hotel Co., LLC*, 445 F. Supp. 2d 1337, 1344 (M.D. Fla. 2006). However, Plaintiff fails to cite the second half of the sentence, wherein the *Zivojinovich* court notes that circumstantial evidence may be sufficient "*if* it proves the existence of the conspiracy." *Id.* (emphasis added) (citing *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992). Here, the Plaintiff fails to allege circumstantial evidence supporting the existence of a conspiracy.

a § 1985 claim. Accordingly, the Court will dismiss Counts I through VI to the extent they allege violations of 42 U.S.C. § 1985.

**III. Count VII - Florida Wrongful Death Act**

In Count VII, Plaintiff alleges violations of the Florida Wrongful Death Act, Florida Statutes §§ 768.16-768.27. The County maintains that Count VII should be dismissed for failure to allege compliance with the pre-suit notice requirement of Florida Statutes Section 768.28(6). Plaintiff concedes that the she did not properly allege compliance with pre-suit notice requirements.

Satisfaction of the notice requirement set forth in Section 768.28(6) is a condition precedent to filing a lawsuit alleging liability in tort against the state, its agencies, or subdivisions.[7] *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (citing *Diversified Numismatics, Inc. v. City of Orlando, Fla.*, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990)). "Under § 768.28(6), not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of such notice . . . ." *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004) (citing *Mendez v. North Broward Hosp. Dist.*, 537 So.2d 89, 91 (Fla. 1988)). "A complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to allege

---

[7] Florida Statutes Section 768.28 provides that:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents the claim in writing to the Department of Financial Services or the appropriate agency denies the claim in writing.

Fla. Stat. § 768.28(6)(a).

compliance with the notice requirement." *Fletcher*, 567 F. Supp. 2d at 1393 (internal citations omitted).

In the present case, the Complaint alleges that the County violated the Florida Wrongful Death Act, Florida Statutes §§ 768.16-768.27. However, the Complaint does not reference § 768.28(6), nor does it allege any facts regarding compliance with Florida Statute § 768.28(6). Accordingly, the Court will dismiss Count VII.

## IV. Count I - Punitive Damages

In Count I Plaintiff asserts a claim for punitive damages against Parker in his official capacity as Sheriff, and the County. (Doc. No. 1 ¶ 71.) Both Parker and the County argue that they are not liable for punitive damages under § 1983. Plaintiff concedes that as pled, the claims for punitive damages should be dismissed.

Under Florida law, the "state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability *shall not* include punitive damages or interest for the period before judgment." Fla. Stat. § 768.28(5) (emphasis added). In addition, government entities are immune from punitive damages under § 1983.[8] *See, e.g., Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266 (1981). Accordingly, the Court will dismiss Count I to the extent it seeks punitive damages against the Parker in his official capacity as Sheriff, and the County.

---

[8] Furthermore, the Plaintiff may not recover punitive damages against individuals sued in their official capacity because such a suit is the functional equivalent of suing the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995).

**V. Counts I, II, III and V - 42 U.S.C. § 1983 Claims Asserted Against Parker**

Plaintiff asserts four counts against Parker alleging violations of 42 U.S.C. § 1983. In Count I, Plaintiff alleges that Parker violated McCreary's Constitutional rights by failing to supervise corrections deputies and by allowing McCreary to be placed in a cell with a dangerous inmate. (Doc. No. 1 ¶¶ 66, 68.) Count II alleges that Parker violated McCreary's Constitutional rights by failing to establish a sufficient classification system, by allowing overcrowding and under staffing of the jail, and by providing inadequate training. (*Id.* ¶¶ 76-79, 83, 84.) In Count III, Plaintiff asserts that Parker is liable for the underlying Constitutional rights violations because he willfully permitted the existence of ultra hazardous conditions. (*Id.* ¶ 96.) Finally, Count V asserts that Parker permitted and created a policy, custom and/or usage resulting in the violation of McCreary's Constitutional rights. (*Id.* ¶ 141.)

Parker argues that Counts I, II, III and V should be consolidated into a single § 1983 count articulating all of the theories the Plaintiff can, in good faith, assert against Parker. Parker offers no law to support this proposition. In response, Plaintiff contends that, having otherwise complied with the Federal Rules of Civil Procedure, Plaintiff is entitled to state its case in the manner it so chooses.

"The plaintiff is the master of the compliant." *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) (citing *United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997)). "Some claims may be substantially justified, others may not." *Jones*, 125 F.3d at 1428. "The Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995). Additionally, Federal Rule of Civil Procedure 8(d)(2) states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or

in separate ones." Here, Plaintiff sets forth four separate counts, each alleging a separate course of action or inaction undertaken by Parker in violation of 42 U.S.C. § 1983. Such a pleading style is permissible under Rule (8)(d)(2). Accordingly, the Court declines to order the Plaintiff to replead Counts I, III, III and V.

## VI. Count I - Damages for the Pain and Suffering of McCreary

In Count I, Plaintiff appears to seek compensation for the pain and suffering of McCreary. Parker argues that while the survivors of a decedent may seek to recover their own economic and noneconomic damages, they are not entitled to recover damages for the pain and suffering of the decedent. In response, Plaintiff seeks leave to amend the Complaint, conceding that the allegations regarding the survivors of McCreary were not properly alleged so as to entitle the Plaintiff to recover for McCreary's pain and suffering. Accordingly, to the extent Count I seeks to recover for the pain and suffering of McCreary, it will be dismissed.

## Conclusion

Based on the foregoing, the Motion to Dismiss Plaintiff's Complaint by Defendant Brevard County (Doc. No. 12, filed Sept. 4, 2009) and the Motion to Dismiss by Defendant Sheriff Jack Parker (Doc. No. 13, filed Sept. 8, 2009) are **GRANTED in part** and **DENIED in part.**

1. Counts I through VI are **DISMISSED** to the extent they allege violations of McCreary's Fifth and Eighth Amendment rights;

2. Counts I through VI are **DISMISSED** to the extent the assert claims under 42 U.S.C. § 1985;

3. Count VII is **DISMISSED**; and

4. Count I is **DISMISSED** to the extent it seeks punitive damages and compensation for McCreary's pain and suffering.

The Motions are **DENIED** in all other respects. Plaintiff has leave to file an Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order. If the Plaintiff fails to timely submit an Amended Complaint, this action will proceed solely on the well-pled claims under the Complaint.

**DONE** and **ORDERED** in Orlando, Florida on January 20, 2010.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties