UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN McCREARY as Personal
Representative of the Estate of Lorenza
McCreary,

                 **Plaintiff,**

-vs-                                 Case No. 6:09-cv-1394-Orl-19DAB

**BREVARD COUNTY, FLORIDA**, a political
subdivision of the State of Florida, **BREVARD
COUNTY SHERIFF JACK PARKER**
individually and in his official capacity,
**CORPORAL DAILA NED-MILLS,
LIEUTENANT DODSON, CORPORAL GETZ,
GEORGE REED, MAJOR LISA PATRICK,
OFFICER JAMES MOFFITT, OFFICER
LARRY CUMMINGS, and JOHN/JANE DOES
1-50**,

                 **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Motion for Clarification or Reconsideration of the Court's Order on Defendants' Motion to Strike and Motion to Dismiss Plaintiff's Second Amended Complaint by Defendant Brevard County (Doc. No. 69, filed July 2, 2010);

2. Response to Defendant Brevard County's Motion for Clarification or Reconsideration by Plaintiff Carolyn McCreary (Doc. No. 72, filed July 12, 2010); and

3. Motion for Leave to File Reply to Plaintiff's Response to Brevard County's Motion for Clarification or Reconsideration by Defendant Brevard County (Doc. No. 73,

filed July 12, 2010).

## Background

On June 18, 2010, the Court entered an Order granting in part and denying in part the Motion to Dismiss Second Amended Complaint by Defendants Jack Parker, Daila Ned-Mills, George Reed, Lisa Patrick, James Moffitt, and Larry Cummings[1] ("June 18 Order"). (Doc. No. 68.) On July 2, 2010, Defendant Brevard County moved for reconsideration of the June 18 Order on the basis that the Court erroneously characterized the legal relationship between Brevard County, the Corrections Officials, and Parker, who serves as the Brevard County Sheriff. (Doc. No. 69.) Plaintiff McCreary has filed a response, and Brevard County has moved for leave to file a reply to Plaintiff's response. (Doc. Nos. 72-73.)

## Standard of Review

### I. Motion to Reconsider

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock,* 993 F.2d 800, 806 n.5 (11th Cir. 1993). The decision to grant a motion for reconsideration under either rule is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id.* at 806. The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.

---

[1] Ned-Mills, Reed, Patrick, Moffitt, and Cummings are collectively referred to as "Corrections Officials."

2d 1366, 1369 (S.D. Fla. 2002).

**Analysis**

Brevard County maintains that the Court erroneously relied on *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991), to find that the claims against Parker and the Corrections Officials in their official capacities in Count II of the Second Amended Complaint were actually asserted against Brevard County. (Doc. No. 69 at 4; Doc. No. 68 at 14-15.) In *Busby*, the Eleventh Circuit noted that "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer in an agent, [and thus], [s]uch suits against municipal officer are . . . suits directly against the city that the officer represents." *Busby*, 931 F.2d at 776. While this rule is valid law,[2] the Court incorrectly applied the rule in the June 18 Order.

The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, counties are constitutionally created political subdivisions, and county sheriffs are separately created constitutional officers. Fla. Const. art. VIII, § 1(a), (d); *see also Watson v. Rochelle*, No. 09-21873-CIV, 2009 WL 2461770, at *2 n.2 (S.D. Fla. Aug. 10, 2009); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007). Because Parker is not alleged to be an agent of Brevard County and because no authority creating an agency relationship was presented, the Court erroneously found that the claims against Parker in his official capacity were claims against Brevard County. Parker is subject to suit in his official

---

[2] *See, e.g.*, *Penley v. Eslinger*, 605 F.3d 843, 854 (11th Cir. 2010) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))).

capacity as Brevard County Sheriff under 42 U.S.C. § 1983. *See Ortega v. Schramm*, 922 F.2d 684, 694 (11th Cir. 1991) (noting that Eleventh Amendment immunity does not apply to suits against Florida county sheriffs in their official capacities (citing *Hufford v. Rodgers*, 912 F.2d 1338, 1342 (11th Cir. 1990))); *Danhi v. Charlotte Cnty. Sheriff's Dep't*, No. 2:03-cv-628-FtM-99DNF, 2006 WL 2226323, at *5 (M.D. Fla. Aug. 3, 2006) ("To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong doing.").

Similarly, the rule in *Busby* does not convert the claims against the Corrections Officials in their official capacities into claims against Brevard County, as Plaintiff does not allege that the Corrections Officials were agents of Brevard County. Rather, Plaintiff alleges that the Corrections Officials were employed by Parker in his capacity as Brevard County Sheriff. (Doc. No. 55 ¶ 13.) Therefore, in reconsideration of the June 18 Order, the Court finds that the claims asserted against Parker and the Corrections Officials in their official capacities in Count II are not pled against Brevard County. Brevard County acknowledges that the Court's error was in *dicta*, and thus, the rulings in the June 18 Order are not otherwise disturbed. (Doc. No. 69 at 2; Doc. No. 68 at 14-15.)

Although Plaintiff concedes that Brevard County and the Brevard County Sheriff are separate legal entities, Plaintiff asserts that both Brevard County and Parker are responsible for the maintenance and operation of the Brevard County Jail. (Doc. No. 72 at 2.) This assertion, as reflected in Count IV of Plaintiff's Second Amended Complaint, (Doc. No. 55 at 27-31), presents issues beyond the scope of the instant Motion and will not be addressed here. Brevard County's Motion for Leave to File a Reply Brief to address those issues will be denied.

## Conclusion

Based on the foregoing, it is **ORDERED** that:

1. The Motion for Clarification or Reconsideration of the Court's Order on Defendants' Motion to Strike and Motion to Dismiss Plaintiff's Second Amended Complaint by Defendant Brevard County (Doc. No. 69) is **GRANTED** in accordance with the foregoing.

2. The Motion for Leave to File Reply to Plaintiff's Response to Brevard County's Motion for Clarification or Reconsideration by Defendant Brevard County (Doc. No. 73) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record